IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRONSON GARY DEAN, <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING [1] SECTION 2255 MOTION TO VACATE** <br><br> Case No. 2:18-cv-00601-DN <br><br> District Judge David Nuffer |

On July 2, 2018, Bronson Dean filed a letter with the court ("Motion").[1] The Motion requested that Mr. Dean be appointed counsel to appeal his conviction based on ineffective assistance of counsel.[2] In the criminal case to which the Motion applies, Mr. Dean pleaded guilty to the following charge: (1) Possession with Intent to Distribute Marijuana.[3] He was sentenced to a term of 12 months and 1 day in prison[4] and did not appeal his sentence.

Mr. Dean's Motion has been construed as a motion to vacate his sentence under 28 U.S.C. § 2255. However, aside from generally alleging ineffective assistance of counsel, Mr. Dean has provided no basis for relief.[5] To establish a claim for ineffective assistance of counsel, petitioner must show: "(1) his counsel's performance was constitutionally deficient, and (2) his counsel's deficient performance was prejudicial."[6] Mr. Dean has not set forth any

---

[1] Docket no. 1, filed July 2, 2018.

[2] *Id*.

[3] *United States v. Lizarraga Lopez et al.*, 2:17-cr-00335-DN, Statement in Advance of Plea, ECF No. 356.

[4] *Id*., Minute Entry for Proceedings Held before Judge David Nuffer, ECF No. 503.

[5] 28 U.S.C. § 2255 (a)-(b). With the exception of ineffective assistance of counsel, Mr. Dean waived his right under § 2255 to collaterally attack his sentence in exchange for the government's offer of the plea deal. *Lizarraga Lopez et al.*, Statement in Advance of Plea at 5, ECF No. 356.

[6] *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995); *United States v. Glover,* 97 F.3d 1345, 1349 (10th Cir.1996) (applying standard to sentencing proceedings and plea hearings).

allegations or other support to demonstrate that his counsel's representation was constitutionally deficient or prejudicial. Accordingly, the Motion is deficient and must be denied. No evidentiary hearing is required to solve the instant motion. Therefore, counsel will not be appointed.[7]

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Mr. Dean's Motion[8] is DENIED. Mr. Dean may file an Amended § 2255 Motion that conforms to the requirements on or before September 28, 2018.[9] In the event that Mr. Dean fails to file an Amended § 2255 Motion by September 28, 2018, the clerk is directed to close the case.

Dated August 17, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[7] Petitioner is only entitled to counsel when an evidentiary hearing is required. *Swazo v. Wyoming Dep't of Corrections State Penitentiary Warden,* 23 F.3d 322, 333 (10th Cir.1994).

[8] Docket no. 1, filed July 2, 2018.

[9] Sample forms are available at http://www.uscourts.gov/sites/default/files/AO_243_0.pdf.